O'SULLIVAN RUBBER CO., Inc., v. GENUINE RUBBER CO. et al.

(Circuit Court of Appeals, First Circuit. February 13, 1923.)

No. 1601.

Trade-marks and trade-names and unfair competition ⬥98—Accounting need not be ordered, where it would not show damages or profits proportionate to expense of accounting.

Where the testimony shows there is no probable cause to believe that an accounting in a suit for unfair competition would show damages and profits that would bear any reasonable proportion to the cost of the accounting, it was not error to refuse the accounting.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit in equity by the O'Sullivan Rubber Company, Inc., against the Genuine Rubber Company and others, to enjoin unfair competition. From a decree denying an accounting (281 Fed. 851), on mandate from Circuit Court of Appeals (279 Fed. 972), plaintiff appeals. Reversed and remanded, with directions.

Frederick P. Fish, of Boston, Mass. (Alfred H. Hildreth, of Boston, Mass., and Clinton H. Blake, Jr., of New York City, on the brief), for appellant.

Arthur P. French, of Boston, Mass., for appellee Genuine Rubber Co. John W. Clapp, pro se.

Before BINGHAM and JOHNSON, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM. After giving due consideration to this case, we are of the opinion that the plaintiff is entitled to an injunction restraining the defendants as follows:

From manufacturing, distributing, selling, or offering for sale, or having in their possession:

1. Any rubber heels having the design or arrangement of the words and letters of the heels attached to the bill of complaint and marked "Exhibit F, Defendants' Heels," or any colorable modification thereof.

2. Any heel boxes having the appearance, color, and verbal and pictorial design and lettering of the box attached to the bill of complaint

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

herein and marked "Exhibit G, Defendants' Box," or any colorable modification thereof.

3. Any rubber heels bearing upon them, in curves as on plaintiff's heel, Exhibit A, the words "Safety Cushion," or either of them, whether or not in combination with the word "Genuine" or any other word. The size and character of the type used shall bear no resemblance to that on plaintiff's heel, Exhibit A, and the word "Genuine," if used, shall be accompanied by the words "The" and "Co.'s.," to read "The Genuine Co.'s."

4. Any boxes or containers or cartons of the color of plaintiff's box, Exhibit D, attached to the bill of complaint herein, or of defendants' box, Exhibit G, attached thereto, or of any color resembling the color of plaintiff's said box, or any boxes, containers, or cartons having upon them a picture of a rubber heel and a slanting bar or panel.

5. Any boxes or containers bearing the word "Genuine" in combination with the words "Safety Cushion," or either of them, unless the word "Genuine" is accompanied by the words "The" and "Co.'s.," to read "The Genuine Co.'s."

The District Court has found, upon the taking of testimony, that there is no probable cause to believe that an accounting would show damages and profits that would bear any reasonable proportion to the cost and denied an accounting.

We see no occasion to disturb the finding, and, as it disposes of this branch of the case, it is unnecessary to consider the questions discussed by counsel in their briefs and at the argument. G. & C. Merriam Co. v. Ogilvie, 170 Fed. 169, 95 C. C. A. 423.

The decree of the District Court is vacated, and the case is remanded to that court, with directions to enter a decree in accordance with this opinion; neither party recovers costs in this court.